MARIE H. LAUGHLIN, Administratrix of the Estate of RANDOLPH LAUGHLIN, Deceased, v. THE BOATMEN'S NATIONAL BANK OF ST. LOUIS, a Corporation, Executor of the Estate of HUGH W. THOMASSON, Deceased, Appellant.—No. 38986.—189 S. W. (2d) 974.

Division Two, September 4, 1945.

Rehearing Denied, November 5, 1945.

*Franklin E. Reagan* and *Lehmann & Allen* for appellant.

470

*Lon Hocker, Jr., Frank Y. Gladney* and *Lon O. Hocker* for respondent.

 BARRETT, C.—On this appeal Marie H. Laughlin, as the administratrix of the estate of Randolph Laughlin, has recovered a judgment in the principal sum of $22,350.00 and $12,627.75 interest against the Boatmen's National Bank, the executor of the estate of Hugh W. Thomasson. The suit is for legal services in defending Thomasson in a lunacy proceeding. When the cause was formerly

here we affirmed the judgment as to count two for advancements to Thomasson and count three for his funeral expenses but reversed and remanded the cause as to count one for legal services because the trial court failed to submit to the jury whether Laughlin, as a lawyer, had served his client with undivided fidelity,—in addition to and as well as the separate issue of whether he was a party to a conspiracy to defraud Thomasson. Laughlin v. Boatmen's Nat. Bank of St. Louis (Mo.), 163 S. W. (2d) 761.

After the cause was remanded the administratrix took the position that our affirmance of the judgment as to counts two and three was res adjudicata of the issue of fraud and conspiracy and that, therefore, the executor was not entitled to a retrial of that issue on count one but, as to that count, was confined solely to the issue of Laughlin's undivided fidelity. Accordingly she filed a motion to strike from the executor's answer all allegations relating to Laughlin's being a party to a fraudulent conspiracy and the trial court sustained the motion. In addition, the administratrix offered and the trial court gave an instruction which told the jury "that Randolph Laughlin was not engaged with Grace Caroline, Wilfred Jones, R. Shad Bennett and Conrad E. Frederich, or any one of them, in a conspiracy to defraud Hugh W. Thomasson, and you shall not find in favor of the defendant on the theory that he was so engaged." Furthermore, the trial court excluded certain evidence which had formerly been admitted on the question of fraud and conspiracy but which the court thought irrelevant on the question of undivided fidelity. The executor urges that the court erred in its rulings in these respects and, furthermore, contends that our former ruling as to counts two and three was and could not be res adjudicata because final judgment as to those counts was suspended until final disposition of the whole cause on all counts.

Whether final judgment was suspended on counts two and three in so far as res adjudicata is concerned we need not decide because the trial court was clearly in error in not trying count one anew, on the merits and on all issues, as though it were being tried for the first time, as our original opinion remanding the cause for a new trial contemplated. Our former opinion did not specifically remand the cause for the retrial of a single issue only as was the case in Denny v. Guyton, 327 Mo. 1030, 40 S. W. (2d) 562 and Hoelzel v. C., R. I. & P. Ry. Co., 337 Mo. 61, 85 S. W. (2d) 126. Neither is there any question of an inconsistent or contradictory verdict; nor is there any analogy in our affirmance of counts two and three and remanding count one and a jury's verdict exonerating a servant and finding against the master when liability depended on respondeat superior as was the case in McGinnis v. C., R. I. & P. Ry. Co., 200 Mo. 347, 98 S. W. 590. There is and can be, no question as to the general rules relating to res adjudicata, which we have no intention

of modifying. A judgment which plainly decides "a right, question or fact distinctly put in issue" is res adjudicata in a subsequent suit between the same parties; and, there are instances in which a judgment may not be disputed even in a second suit on a different cause of action. For example, in a former suit one of the crucial issues was the sufficiency of certain maps. In a subsequent suit to quiet title ("this collateral proceeding") between the same parties it was held that the former judgment in so far as the maps were concerned was res adjudicata. Southern Pacific Ry. Co. v. U. S., 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355. And, a former judgment in partition may be res adjudicata of a subsequent suit to set aside deeds as ▆▆ was the case in Bushman v. Barlow, 321 Mo. 1052, 15 S. W. (2d) 329.

In this case the judgment as to count one was remanded *generally* for a new trial and the affirmance of the verdict and judgment as to counts two and three was not res adjudicata of count one in any respect. Gann v. Dearborn Mfg. Co., 129 Mo. App. 425, 429, 107 S. W. 15. "The reversal of the judgment, (as to count one) without qualifying or limiting the scope of the order of reversal, and the return of the cause to be again tried, reversed the entire judgment and opened the case for a retrial of the entire controversy." Wollman v. Loewen, 108 Mo. App. 581, 84 S. W. 166. As was pointed out in our former opinion "all of Laughlin's alleged wrongdoing was (not) 'funded' in the alleged conspiracy" and neither is his conduct in any respect as to count one exonerated by the affirmance of the judgment as to counts two and three. A jury may well find that he was not a party to the fraud and conspiracy in so far as Thomasson's funeral expenses were concerned or in so far as any advancements were concerned and yet consistently find that he was guilty of fraud and conspiracy in so far as his services to Thomasson were concerned. Or, a jury may find as to count one that Laughlin did not serve his client with undivided fidelity but that he was not a party to the fraudulent conspiracy. Or, a jury may find either for or against him on either score. And, there is a difference, Laughlin being a lawyer, in his not serving his client with undivided fidelity and in his being a party to a fraudulent conspiracy, even though a finding of the latter fact might also make him guilty of the former. Laughlin v. Boatmen's Nat. Bank of St. Louis, supra; Terminal Railroad Ass'n of St. Louis v. Schmidt, 353 Mo. 79, 182 S. W. (2d) 79, 84. In any event, the affirmance of the cause as to counts two and three was not res adjudicata as to the remanded count one. "If it is remanded generally all issues are open to consideration on a new trial. . . . Where the reversal is with specific directions as to certain issues, *other issues determined* are foreclosed to further inquiry. The first states 'the law of the case,' the second is res adjudi-

cata final.'' Creason v. Harding, 344 Mo. 452, 463, 126 S. W. (2d) 1179, 1183; Cramer v. Barmon, 193 Mo. 327, 91 S. W. 1038; 30 Am. Jur., Sec. 170, p. 913; 34 C. J., Secs. 1191, 1308, pp. 774, 899. The former is the governing rule here and it follows that the court was in error in striking the allegations as to fraud and conspiracy from the petition, in excluding or limiting any evidence relating to the subject and in peremptorily instructing the jury that it could not find against the claim on the theory that Laughlin was a party to a fraudulent conspiracy. Upon a retrial of count one, for the third time,· all issues as to that count are to be tried anew without reservation or restriction as though the cause had never been tried before.

What we have just said is not applicable, however, to the subject matter of the administratrix' instruction number six. The instruction said:

"You are instructed that the advances represented by exhibits one through twelve identified during the cross-examination of Miss Eaton, and the $70 check given for the rent of the Little Rock house were actually made for the benefit of Thomasson, and you shall not consider them as evidence of lack of undivided fidelity on Laughlin's part."

No question is raised as to whether these exhibits are admissible in evidence for any purpose and we do not pass on this question. But count two of the suit was to recover those specific advancements. A jury has found that the administratrix is entitled to recover them and by our former opinion we have affirmed that judgment and finding. As to that count and those items it has been determined that Laughlin was not guilty of fraud and conspiracy in making the advancements. The executor could have but did not try the question of Laughlin's undivided fidelity to his client in making the advancements. And, while the affirmance of counts two and three is not res adjudicata of count one on any issue, the affirmance of count two certainly determined the validity of the facts involved in that count. In this respect the case falls within Bushman v. Barlow, supra, and Southern Pac. Ry. Co. v. U. S. supra, and the instruction was properly given. State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078, 1088, 298 S. W. 83, 88 is applicable,—"a *judgment* between the same parties on a different cause of action *is binding as to facts actually decided,* or in the absence of evidence as to the issues passed upon, is conclusive on the pleaded issues of fact, ultimate or supporting, necessarily determined in rendering the judgment, the rule being known as *estoppel by verdict.''* Compare: State ex inf. McKittrick v. Missouri Public Service Comm., 351 Mo. 961, 174 S. W. (2d) 871.

Neither is the appellant executor's contention that the court should have sustained a demurrer to the administratrix' second amended petition tenable. It is said that the original petition was founded on an account for legal services and that the amended pe-

tition, filed almost five years later, is an action on quantum meruit. It is urged, therefore, that the amended petition is a departure from the cause of action stated in the original petition and that the cause of action stated in the amended petition is barred by the statutes of nonclaim and limitation, Mo. R. S. A., Secs. 182 and 1014. The original petition alleged that Laughlin was a lawyer and that "during the lifetime of Hugh W. Thomasson, now deceased, he rendered legal services to said deceased at his special instance and request . . . an itemized account and the amount and nature of which services is hereto attached . . . ; that the reasonable value of such services was and is the sum of $22,350.00; that no part thereof has been paid . . . " The amended petitions alleged that Laughlin "rendered legal services to said deceased at his special instance and request . . . an itemized account and the amount and nature of which services is hereto attached : . . that the reasonable value of such services was and is," in the first amended petition, $75,000.00 and in the second amended petition $22,350.00. It may be that either of the petitions is subject to the construction that it states a cause of action on an itemized account but it does not follow that either or all of them do not also state a cause of action for the recovery of the reasonable value of the claimant's services, or an assumpsit on a quantum meruit. Considering all or either of the petitions there are allegations of request, consideration, indebtedness, performance by the claimant, a demand and a claim for damages or allegations from which it could only be inferred that the services were not gratuitously rendered or had not been paid for and these are the essential averments or prerequisites to stating a cause of action in assumpsit. In re Hukreda's Estate (Mo.), 172 S. W. (2d) 824; Blackwell v. De Arment's Estate (Mo. App.), 300 S. W. 1035; Joseph v. Joseph (Mo. App.), 164 S. W. (2d) 145; Whitworth v. Monahan's Estate (Mo. App.), 111 S. W. (2d) 931. See also the pleadings in Mecartney v. Guardian Trust Co., 274 Mo. 224, 202 S. W. 1131 and Ryans v. Hospes, 167 Mo. 342, 67 S. W. 285.

After the jury returned a verdict in favor of the administratrix for $22,350.00 and had been discharged the court permitted her to amend her petition by interlineation and ask for interest from the date of the demand,—the filing of the original petition on February 10, 1934. The court then computed the interest on the sum found by the jury and added $12,627.75 interest to the judgment. Even though interest may be recovered on the claim it was, of course, improper for the court to compute the amount due and add that sum to the judgment after the jury had been discharged. Mo. R. S. A., Sec. 1124; Meffert v. Lawson, 315 Mo. 1091, 1097, 287 S. W. 610, 612; Dozier v. Jerman, 30 Mo. 216; Powell v. Bierman (Mo. App.), 22 S. W. (2d) 854.

██ If the administratrix is again successful the important question is whether she may recover interest on her principal claim,— the action being in quantum meruit for the reasonable value of legal services. It is urged by the executor that interest was never recoverable at common law on unliquidated demands. It is said that if interest is recoverable it must be upon one of the claims recognized by the statute, "for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; . . . " Mo. R. S. A., Sec. 3226. It is contended that the present claim is not an "account" within the meaning of the statute.

The difficulty with the executor's position is that several times it has been held to the contrary. Southgate v. A. & P. R. R. Co., 61 Mo. 89, was an action by an attorney "to recover the reasonable value of certain professional services." The petition claimed $1500.00 and "The bill of particulars accompanying the first count referred to certain specific cases attended to, and stated a demand of payment for counsel and services as an attorney generally from March 15th, to October 15th, 1867." The court instructed the jury that they "should find for plaintiff the reasonable worth or value of the services, with interest at six per cent from the accruing of the indebtedness." It was held that interest could only be allowed, under the statute, from the date of demand but the court said: "The suit was on an account." In Trimble v. K. C., P. & G. R. R., 180 Mo. 574, 79 S. W. 678, the ██ action was in "assumpsit to recover ten thousand dollars attorneys' fees, for services rendered by the plaintiffs to the defendant, between April 1, 1899, and April 1, 1900. The court said, l. c. 587:

"Lastly, it is contended that the plaintiffs are not entitled to interest from the date of the institution of this suit, because the demand is unliquidated. The general rule is as claimed by defendant. [16 Am. & Eng. Ency. Law (2 Ed.), p. 1015.] But under the statute of this State (sec. 3705, R. S. 1899) interest is allowed 'on accounts after they become due and demand of payment is made,' and the institution of a suit is a sufficient demand. [Brown v. Brown, 124 Mo. 79; Dempsey v. Schawacker, 140 Mo. l. c. 690.]

"Interest is allowable under the statute on unliquidated claims from the date of demand. [Ryans v. Hospes, 167 Mo. 342.]"

In Mecartney v. Guardian Trust Co., 274 Mo. 224, 202 S. W. 1131, the defendant claimed that the attorney was limited to the $25,000.00 mentioned in certain correspondence and a corporate resolution. But the court said: "the case was tried upon the theory that it was a quantum meruit action." And following Trimble v. K. C., P. & G. R. R. Co., supra, the court held that the attorney was entitled to interest on the sum recovered ($79,860.57) from the time the suit was brought.

The executor contends that the latter case was in fact an action on an account, one of mutual debits and credits. It is sought to distinguish the other cases on the ground that they involved and were for liquidated sums. But the sums were liquidated, especially the Trimble and Mecartney cases, only by the claimant's demand and itemization which was merely the claimant's idea of the reasonable value of his services. The sums due as the reasonable value of the services were not in fact liquidated until they were found by the jury. Clearly the Southgate case was for an unliquidated sum. Thus it is plain that these cases are controlling unless they are wrong in principle and we do not believe they are.

An action in quantum meruit, for the reasonable value of services, is one of the forms of an action in assumpsit. 4 Am. Jur., Secs. 2, 5; 7 C. J. S., Sec. 2. Assumpsit is the remedy for the enforcement of quasi-contractual obligations and included in it and concurrent with it (as we have previously indicated in this opinion) are the common law actions of debt, by which the customary duty or obligation for the payment of money was enforced, and of account. Ames, History of Assumpsit in 3 Select Essays In Anglo-American Legal History, pp. 292-293, 298. On principle there is no reason for denying interest when the action is in quantum meruit and the claim is unliquidated in the sense that the amount due is to be measured and determined by the standard of the reasonable value of the services. 1 Sedgwick, Damages, Sec. 312, p. 614. The theory of interest in any case is compensation for the use of or loss of the use of money to the person entitled to it. 1 Sutherland, Damages, Sec. 300. If the defendant is liable for the reasonable value of services he is under a legal duty to liquidate the sum due and interest should be allowed from the time when he should have paid. 1 Sedgwick, Damages, Secs. 312, 315, pp. 613-615, 624-625. ''For benefits conferred upon request, or enjoyed under various circumstances which are tantamount to a request, there is a legal duty to make compensation; this is measured by the standard of reciprocal justice. The party in whose favor such duty is implied is legally entitled to recover so much as he reasonably deserves. Interest is in many cases allowed upon this principle. It is almost an axiom in American jurisprudence that he who has the use of another's money, or money he ought to pay, should pay interest on it.'' 1 Sutherland, Damages, Sec. 324, p. 1016. This principle has been applied often in actions for the reasonable value of work and labor (annotation 28 L. R. A. (N. S.), 1-83) and to claims for legal services generally. Annotation 52 A. L. R. 197. We have allowed interest, under the statute, in actions in quantum meruit for the reasonable value of extra work and labor in building a stable (Dempsey v. Schawacker, 140 Mo. 680, 38 S. W. 954) and for the reasonable value of a doctor's services. Ryans v. Hospes, 167 Mo. 342, 67 S. W. 285. And, of course, when the sum claimed was necessarily

a known liquidated amount, as when chattels had been sold, we have allowed interest when the action was in quantum meruit, and there can be no objection to interest merely because it is that kind of an action. Sherman v. International Life Ins. Co., 291 Mo. 139, 236 S. W. 634; Dougherty v. Chapman, 29 Mo. App. 233; York v. Farmers' Bank, 105 Mo. App. 127, 79 S. W. 968. It follows that if the administratrix is successful on her principal claim she is also entitled to have the jury allow interest on it from the date of the original demand,—the institution of the suit. Dempsey v. Schawacker, supra; Trimble v. K. C., P. & G. R. R., supra; Mecartney v. Guardian Trust Co., supra.

 When the trial court entered judgment on count one it also entered final judgment on counts two and three which we had previously affirmed. The judgment as to these two counts was entered as of November 2, 1939, the date of the verdict on these two counts, and the executor urges that the court was in error in so entering the judgment. The contention is that those two counts bear interest from the date of the final judgment on all counts only and not from the date of the original verdicts which were subsequently affirmed. It is said that the mandate and opinion remanding the case is silent as to interest. And, relying on the fact that "but one final judgment shall be given in the action" (Mo. R. S. A., Sec. 1243), and on Hoelzel v. Chicago, R. I. & P. Ry. Co., 340 Mo. 793, 102 S. W. (2d) 577 and Scullin v. Wabash R. Co., 192 Mo. 6, 90 S. W. 1028, it is said that the judgment may bear interest only from the date of the final judgment on all three counts or after the case has been finally and completely disposed of.

But this case is not comparable to the Hoelzel case in which there was a special limited remand of the original verdict. And neither is there any question of the verdict's having once been suspended, as to counts two and three, by the court's action in granting a new trial and the plaintiff's subsequently procuring its reinstatement as was the fact in the Scullin case. We think it unnecessary to decide whether and when, under the circumstances, the court could enter a final judgment on all counts. Here whatever the mandate may have said and regardless of when final judgment could be entered on all counts, the verdicts as to counts two and three were affirmed by our former opinion and so far as the interest-judgment statute is concerned the determination of those two counts was final and within the plain wording of the statute: "Interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, . . . ." Mo. R. S. A., Sec. 3228. If the executor had desired to stop the running of interest on those two counts it could have done so. The judgment bears interest by reason of the statute and it is not necessary that it or the mandate recite the fact. State ex rel. Walsh v. Vogel, 14 Mo.

478

App. 187. The judgment was reversed and remanded for a new trial as to count one for legal services but it was affirmed as to counts two and three as to advancements and funeral expenses and the latter counts bear interest, by virtue of the statute, as of the date of their original rendition. Sebastian County Coal & Mining Co. v. Mayer, 310 Mo. 104, 274 S. W. 770, 774.

We have not considered several alleged errors which the appellant has not briefed. Majors v. Malone, 339 Mo. 1118, 100 S. W. (2d) 300. And, since the cause is to be retried on all issues, as indicated, we think it unnecessary to discuss the assignments of error relating to instructions as they will doubtless be redrafted in view of the objections made and of the issues to be tried. It may be well to say that the executor's instruction placing the burden of proving Laughlin's undivided fidelity upon the administratrix is erroneous.

Because of the errors noted the judgment as to count one is reversed and remanded for a new trial. *Westhues* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.