**JOHNSON GROUP, INC., Appellee,**

v.

**BEECHAM, INC., Appellant.**

No. 91–1627.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1991.

Decided Dec. 26, 1991.

C. Alan Schoene, St. Louis, Mo., argued (P. Terence Crebs and C. Alan Schoene, on brief), for appellant.

Stephen L. Beimdiek, St. Louis, Mo., argued (Stephen L. Beimdiek and Michael W. Silvey, on brief), for appellee.

Before LAY, Chief Judge, BRIGHT and HENLEY, Senior Circuit Judges.

PER CURIAM.

After a jury trial, Johnson Group, Inc. (the Group) was awarded money damages as quantum meruit compensation for a real estate broker fee arising from services provided to Beecham, Inc. (Beecham).[1] Beecham appeals, contending (1) the Group's services did not constitute the procuring cause of the lease; (2) quantum meruit is not warranted because there was no expectation Beecham would compensate the Group; (3) the district court erroneously instructed the jury on procuring cause and quantum meruit; (4) the testimony of an expert witness was erroneously admitted; and (5) the district court erred in awarding the Group prejudgment interest on the jury's award of $43,000. We affirm the judgment of the district court.[2]

In the summer of 1987, Beecham representatives approached the Group to request assistance in locating a new industrial facility in the metropolitan St. Louis, Missouri area. The Group compiled and submitted to Beecham a list of suitable properties, including the former General Motors Truck and Bus Plant (GM plant). When the Group contacted GM's realtor to obtain information on the plant, the latter declined to do so without knowing for whom the Group acted. Beecham then sent a letter to GM's realtor registering the Group as its agent with respect to the GM facility. The Group thereafter met with Beecham representatives in August to discuss and tour the GM plant and other properties the Group viewed as particularly promising. Although Beecham was not prepared at that time to proceed, it instructed the Group to watch for any changes in the status of these properties, and to keep abreast of new developments in the market. Over the next months, the Group submitted frequent updates on available properties.

Beginning in mid–1988 with a turnover in Beecham management, some confusion arose about the Group's status as Beecham's agent with respect to the acquisition or leasing of industrial property. Beecham ultimately resolved to retain the Group, and the Group continued to submit listings of select available properties. At Beecham's request, the Group also prepared economic and tax analyses of the proposed plan to acquire or lease new property in the St. Louis area. Around this time, Clark Properties (Clark) initiated plans to purchase and renovate the former GM plant. Although the Group informed Beecham of the planned redevelopment, Beecham remained reluctant to settle on the GM site.

At some point in the fall of 1988, representatives from Clark Properties approached Beecham and eventually persuaded representatives to take another look at the GM site. Although much of the plant remained unchanged, Beecham repre-

1. Beecham, Inc. is the successor in interest to Norcliff–Thayer, Inc.

2. The Honorable George F. Gunn, United States District Court Judge for the Eastern District of Missouri.

sentatives also toured renovated portions of the plant. On February 21, 1989, without prior notification to the Group, Beecham entered into a five-year $1.76 million lease with Clark for warehouse space at the former GM plant. Without knowledge of this transaction, the Group continued to work on Beecham's behalf until a few months later when it learned of the lease. Clark and Beecham both refused to compensate the Group for its efforts, and this suit followed.

■ Under Missouri law real estate brokering services become the procuring cause of a transaction where "the broker's initial efforts ... set in motion a series of events which, without break in continuity, and without interruption in negotiations, eventually culminates in the sale." *Staubus v. Reid*, 652 S.W.2d 293, 295 (Mo.Ct.App. 1983). Beecham contends that the Group's services did not constitute the procuring cause of the lease due to the Group's failure to initiate negotiations with Clark, and the intervening efforts by Clark to interest Beecham in the renovated facility. Viewed in the light most favorable to the Group, however, the jury's factual finding that the Group's services constituted the procuring cause of the lease is supported by substantial evidence.

■ Beecham also challenges the sufficiency of the evidence with respect to the required elements for recovery under a quantum meruit theory. To recover under quantum meruit under Missouri law, a plaintiff must prove it provided services to the defendant at the request or with the acquiescence of the defendant, the services had reasonable value, and the defendant refuses to pay the reasonable value of the services. *Berra v. Papin Builders, Inc.*, 706 S.W.2d 70, 73 (Mo.Ct.App.1986). Beecham argues that an additional element for recovery under quantum meruit is that the parties share an expectation that the plaintiff will be compensated by the defendant. Here, Beecham claims, the parties agreed the Group would be compensated by the

owner when Beecham acquired an interest in that owner's property through the efforts of the Group. The jury, however, could have chosen to believe the real estate broker expert, Daniel Sheehan, who testified that Beecham must have known that in order for the Group to obtain compensation from the owner, Beecham was required to include the Group in its negotiations with Clark.[3]

■ Beecham claims Sheehan's testimony should not have been admitted on the ground that it consisted entirely of legal conclusions as to the ultimate issues of the case: whether the Group's efforts constituted the procuring cause of the Beecham/Clark lease, and the reasonable value of the Group's services. An expert witness may give opinion testimony if it will assist the trier of fact to understand the evidence or determine a fact in issue. Fed.R.Evid. 702. Such opinion testimony is not inadmissible merely because it embraces an ultimate issue to be decided by the trier of fact. Fed.R.Evid. 704(a). Although Sheehan's testimony may have included inappropriate legal conclusions, we cannot conclude that the district court abused its discretion in admitting the testimony. *See Hurst v. United States*, 882 F.2d 306, 311 (8th Cir.1989) ("[a] trial court should exclude an expert opinion only if it is so fundamentally unsupported that it cannot help the factfinder."); *Hoppe v. Midwest Conveyor Co.*, 485 F.2d 1196, 1202 (8th Cir.1973); *Twin City Plaza, Inc. v. Central Sur. and Ins. Corp.*, 409 F.2d 1195, 1202 (8th Cir.1969).

■ Beecham next disputes the district court's instructions to the jury:

Your verdict must be for plaintiff if you believe:

First, plaintiff was a licensed real estate broker, and

Second, plaintiff furnished real estate broker services regarding possible warehousing and/or manufacturing sites to defendant, and

3. Beecham's additional claim that the Group was not engaged to locate a facility for use *solely* as warehouse space is unavailing because the Group was instructed to locate facilities which could serve both manufacturing and warehousing functions.

Third, defendant accepted such services, and

Fourth, defendant entered into a lease at the former General Motors Truck and Bus Plant for a warehouse as a direct result of plaintiff's efforts.

Instruction No. 9 (Jt.App. at 56). Beecham claims the court erred in using the term "direct result," words of ordinary meaning, rather than more detailed procuring cause language, such as that found in *Staubus, supra.* Beecham also argues that the court erred in failing to include the critical element of expectation of compensation *by defendant.* We find no error. The district court's instruction is virtually identical to the instruction approved by the Missouri Supreme Court in *Williams v. Enochs,* 742 S.W.2d 165, 169 (Mo.1987) (en banc).

 Finally, Beecham contests the district court's imposition of prejudgment interest. In order to permit prejudgment interest, the awarded amount must be liquidated, or "readily ascertainable by computation or by determination according to a recognized standard." *Solter v. P.M. Place Stores, Co.,* 748 S.W.2d 919, 922 (Mo. Ct.App.1988). Missouri precedent makes clear that a claim is not rendered unliquidated merely because the action is for quantum meruit compensation. *General Aggregate Corp. v. LaBrayere,* 666 S.W.2d 901, 909 (Mo.Ct.App.1984) (quoting *Laughlin v. Boatmen's Nat'l Bank,* 354 Mo. 467, 189 S.W.2d 974, 979 (1945)) ("there is no reason for denying interest when the action is in quantum meruit and the claim is unliquidated in the sense that the amount due is to be measured and determined by the standard of the reasonable value of the services."). The district court based its decision to award prejudgment interest on its finding that plaintiff's requested damages represented five percent of the total value of the Beecham/Clark lease, the recognized standard for computing the reasonable value of real estate brokering services. The court noted that the jury's failure to award the Group the entire requested amount did not preclude the finding that the damages were "readily ascertainable." *See Whalen, Murphy, Reid, Danis, Garvin & Tobben v. Estate of Roberts,* 711

S.W.2d 587, 590 (Mo.Ct.App.1986). We disagree with Beecham's argument that the five percent "standard" relates only to the commission due a broker from the *owner* of a property, and that no evidence was offered to show the standard for determining the commission when the *lessee* compensates the broker. The district court specifically referred to the expert testimony regarding the reasonable value of real estate brokering services.

Judgment affirmed.