Thomas DENNIS and Sonya
Cherry, Appellants,

v.

RIEZMAN BERGER, P.C. and Mercy
Hospital Jefferson, Respondents.

No. SC 96038

Supreme Court of Missouri,
en banc.

Opinion issued September 26, 2017

Alexander J. Cornwell and Bryan E. Brody of Brody & Cornwell, St. Louis, for Thomas Dennis and Sonya Cherry.

Nelson L. Mitten and Paul A. Grote of Riezman Berger PC, St. Louis, and Nicholas G. Higgins of the Higgins Law Office, Eureka, for Riezman Berger and Mercy Hospital Jefferson.

W. Brent Powell, Judge

Thomas Dennis and Sonya Cherry appeal the circuit court's dismissal of their petitions against Mercy Hospital Jefferson and its collection law firm, Riezman Ber-

ger P.C. The circuit court dismissed their petitions, which alleged, in part, the improper collection of post-judgment interest. The circuit court ruled the petitions failed to state a claim on which relief can be granted because nontort judgments automatically accrue post-judgment interest even when the judgments do not expressly award such interest. While the petitions may have adequately stated a claim for relief against Mercy Hospital and Riezman Berger for other reasons, this Court agrees with the circuit court's ruling that nontort judgments automatically accrue post-judgment interest. The circuit court's judgment is vacated, and the case is remanded for the circuit court to consider Dennis' and Cherry's remaining claims following the circuit court's dismissal of the claims related to post-judgment interest.[1]

## I. Factual and Procedural History

Mercy Hospital provided medical services for both Thomas Dennis and Sonya Cherry in separate and unrelated circumstances. After Dennis and Cherry failed to pay for the services rendered, Mercy Hospital sued both Dennis and Cherry in separate actions for breach of contract. Dennis entered into a consent judgment in which he agreed to pay Mercy Hospital $850 plus court costs of $122.94. Similarly, Mercy Hospital obtained a default judgment from Cherry for an outstanding balance of $23,325.30. Neither the consent judgment nor the default judgment expressly provided for the recovery of post-judgment interest pursuant to § 408.040, RSMo Supp. 2013.[2]

Mercy Hospital, through its counsel, Riezman Berger, sought to execute on the judgments and collect the amounts it was owed, including post-judgment interest. Dennis and Cherry, in separate petitions, sued Mercy Hospital and Riezman Berger for violating the Federal Debt Collection Practices Act and the Missouri Merchandising Practices Act, asserting, among other allegations, the underlying breach-of-contract judgments did not expressly award post-judgment interest. The petitions alleged Mercy Hospital was not entitled to post-judgment interest and attempts to collect it were fraudulent.

Both Mercy Hospital and Riezman Berger filed motions to dismiss the petitions for failure to state a claim on which relief can be granted. Riezman Berger argued in its motions that § 408.040 does not require nontort judgments to expressly award post-judgment interest in order for it to bear such interest. Mercy Hospital included no legal reasoning in its motions.

After the cases were consolidated, the circuit court sustained all the motions to dismiss because the petitions failed to state a claim on which relief could be granted. Dennis and Cherry appealed and, after opinion by the court of appeals, this Court transferred the case pursuant to article V, § 10 of the Missouri Constitution.

## II. Analysis

Dennis and Cherry argue in their first point on appeal that § 408.040 does not provide for automatic accrual of post-judg-

---

1. While this appeal was pending, the attorney for Dennis and Cherry filed a suggestion of death for Cherry and a motion to sever her appeal from Dennis' appeal. This Court overrules the motion to sever, and the circuit court shall address any request to substitute a party on remand.

2. Although § 408.040 has since been amended, statutory citations are to RSMo 2013 as it applied at all times relevant to this appeal.

ment interest. Section 408.040 provides, in relevant part:

1. In all nontort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered by the trial court until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

2. Notwithstanding the provisions of subsection 1 of this section, in tort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date of judgment is entered by the trial court until full satisfaction. All such judgments and orders for money shall bear a per annum interest rate equal to the intended Federal Funds Rate, as established by the Federal Reserve Board, plus five percent, until full satisfaction is made. The judgment shall state the applicable interest rate, which shall not vary once entered.

▌ This Court reviews a circuit court's grant of a motion to dismiss for failure to state a claim *de novo. Anderson v. Union Elec. Co.*, 463 S.W.3d 783, 786 (Mo. banc 2015). When there is no factual dispute, the interpretation and application of a statute is also reviewed *de novo. Billings v. Div. of Emp't Sec.*, 399 S.W.3d 804, 806 (Mo. banc 2013). "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). While § 408.040 distinguishes between nontort and tort actions, both sections pro-

vide post-judgment interest "shall be allowed." Notwithstanding this mandatory language of the statute dictating recovery of post-judgment interest, Dennis and Cherry argue post-judgment interest does not automatically accrue without an express award included in the judgment. They argue, therefore, it was fraudulent for Mercy Hospital and Riezman Berger to attempt to collect post-judgment interest not specifically delineated in the judgments.

Dennis and Cherry rely on this Court's decision in *McGuire v. Kenoma, LLC*, 447 S.W.3d 659 (Mo. banc 2014), to support their contention that a nontort judgment does not accrue post-judgment interest unless the judgment expressly so provides. However, *McGuire*, which dealt with the proper use of *nunc pro tunc*, was a tort case to which subsection 2 of § 408.040 applied. *Id.* at 661. *McGuire* dealt solely with a tort action and referred specifically to the requirement in subsection 2 of § 408.040 that post-judgment interest was not collectible unless it "shall be stated" in the judgment. *Id.* at 667 (failure to state the applicable rate in the judgment precludes post-judgment interest in a tort action, and this failure cannot be rectified by a *nunc pro tunc* change). There is an important distinction between subsection 1 (nontort actions) and subsection 2 (tort actions), as only the latter includes the requirement that the "judgment *shall state* the applicable interest rate." § 408.040 (emphasis added).

▌ Section 408.040.1 provides that "judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid." Because the plain language of subsection 1 of § 408.040 does not require

any findings by the circuit court for a nontort judgment to bear 9-percent interest, this interest accrues automatically. "If the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then we are bound by that intent." *Howard v. City of Kansas City*, 332 S.W.3d 772, 787 (Mo. banc 2011) (internal quotations omitted). If the judgment is silent as to the "interest borne by such contracts," the judgment "shall bear nine percent interest," and shall be collectible by the holder of the judgment even if the judgment does not specifically award the statutorily approved post-judgment interest.

■ The purpose of post-judgment interest is to award just compensation that ensures a money judgment will be worth the same when it is actually received as it was when it was awarded. Further, the award "compensate[s] the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (internal quotation omitted).

This Court and the court of appeals have repeatedly recognized a judgment need not explicitly state it bears interest. *See, e.g., Laughlin v. Boatmen's Nat. Bank of St. Louis*, 354 Mo. 467, 189 S.W.2d 974, 980 (1945) ("The judgment bears interest by reason of the statute and it is not necessary that it or the mandate recite the fact."); *State ex rel. Walsh v. Vogel*, 14 Mo. App. 187, 189–90 (1883) ("In order that the judgment should bear interest, it was not necessary that the court delivering the judgment should say so and make this statement a part of the judgment, because the statute expressly provides that every judgment shall bear interest."). Moreover,

an analogous federal provision, 28 U.S.C. § 1961 (2000), provides that post-judgment "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." This similar language has been uniformly interpreted to provide for automatic accrual of post-judgment interest, regardless of whether the judgment expressly awards it. *See, e.g., Friend v. Kolodzieczak*, 72 F.3d 1386, 1391–92 (9th Cir. 1995); *BankAtlantic Inc. v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052–53 (11th Cir. 1994); *Jenkins v. Missouri*, 931 F.2d 1273, 1275 (8th Cir. 1991); *Gele v. Wilson*, 616 F.2d 146, 148 (5th Cir. 1980); *United States v. Michael Schiavone & Sons, Inc.*, 450 F.2d 875, 876 (1st Cir. 1971).

■ While it may be best practice that a judgment state the entire amount due, both the principal and interest, the successful litigant does not forfeit the right to collect the statutorily authorized interest by the lack of a specific award as to post-judgment interest in nontort actions. The judgment must only recite the "money due" or principal, and then the statute makes that amount bear interest, at the statutorily defined rate, to the time of payment. Post-judgment interest for nontort actions is awarded as a matter of law pursuant to § 408.040.1 and automatically accrues, regardless of whether the judgment expressly includes it. Although interest accrues as a matter of law, both Dennis' and Cherry's petitions contain additional allegations—such as Riezman Berger's failure to credit Dennis for all of his payments—that may state a claim on which relief can be granted. These are issues that should be considered and analyzed in the first instance by the circuit court.

### III. Conclusion

Accordingly, the circuit court's dismissal of the petition is vacated, and the case is

remanded for consideration of the remaining issues.

All concur.