In re Lyle Dewayne **RICHARDSON** and Nellie Jane Richardson, Debtors.

**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Lyle Dewayne RICHARDSON and**
**Nellie Jane Richardson,**
**Defendants/Appellants.**

No. 86–1335–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

Oct. 15, 1987.

David Detar Newbert, Kansas City, Mo., for plaintiff-appellee.

David W. Tushaus, Legal Aid of Western Missouri, St. Joseph, Mo., for debtors.

**ORDER REMANDING CASE FOR FURTHER FINDINGS**

BARTLETT, District Judge.

Nellie Richardson, appellant and co-debtor with her husband Lyle Richardson in Chapter 7 proceedings, appeals from an order of the bankruptcy court dated October 24, 1986, 67 B.R. 624, denying the Richardsons a discharge on the basis of 11 U.S.C. § 727(a)(6)(A). This section provides that "[t]he court shall grant the debtor a discharge unless ... the debtor has refused in the case ... to obey any lawful order of the court." The bankruptcy court found that:

[O]n three separate occasions during the pendency of these title 11 proceedings, the defendants [Mr. and Mrs. Richardson] were directed to turn over to the plaintiff the proceeds from the sale of the 19 head of cattle which this court deemed to have been within the quantity of livestock in which the plaintiff had a valid and perfected security interest and which they therefore had a right of reclamation. There can be no legitimate question of the clarity of the court's orders on any of these successive occasions.

October 26, 1986, Final Decree, pp. 1–2. The court then discussed its previous orders (April 15, 1985, and June 21, 1985) and concluded that: "[T]he debtors have violated the prior orders of this court and have done so repeatedly and deliberately.... The debtors' failure and refusal to turn over the subject chattels to the Farmers Home Administration was the equivalent of a contempt of court." Decree, pp. 5–6.

The issue on appeal is whether the bankruptcy court erred in denying defendant debtors a discharge under § 727(a)(6)(A). This court has jurisdiction pursuant to 28 U.S.C. § 158(a). Bankruptcy Rule 8013 provides that on appeal the district court

> may affirm, modify, or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to adjudge the credibility of the witnesses.

The Advisory Committee Notes state that Rule 8013 accords to the findings of a bankruptcy judge the same weight given the findings of a district judge under Rule 52, Federal Rules of Civil Procedure.

A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). The district court must independently determine questions of law or mixed questions of law or fact. *In re Multiponics, Inc.,* 622 F.2d 709, 713 (5th Cir.1980); *In re Hammons,* 614 F.2d 399, 403 (5th Cir.1980).

After reviewing the record, I am unable to determine whether the bankruptcy court's finding of fact that the debtors failed to comply with the bankruptcy court's orders is clearly erroneous because vital portions of the record are ambiguous. The second order requiring turnover of proceeds (entered June 21, 1985) first clarifies the court's request but then becomes ambiguous. The order does specify that the proceeds from the sale of the calves at issue are to be turned over to plaintiff.

> (1) *Does the court's reclamation order of April 15, 1985, require the turnover by defendant to plaintiff of $3,842.79 in proceeds of sale of calves which the defendants now for the first time contend are within an exception to the security instrument for 'livestock ... kept primarily for subsistence purposes?'* The court, under rules which govern pleading and proof in federal trials, is constrained to answer 'yes.' The minutes of the hearing of April 11, 1985, show that, in the course of the hearing, uncontradicted statements were offered to show that a security interest was claimed in the calves sold for the $3,842.79; that, at the conclusion of the hearing, counsel for plaintiff expressly requested reclamation of the $3,842.79; that the defense based on the 'subsistence' exception in the security agreement was not then raised; that the evidence offered in the hearing otherwise established a security interest in proceeds; and that the court's judgment of April 15, 1985, directed turnover of 'all of the cattle fairly described by the security agreement and financing statements,' which must be construed to include any and all proceeds *which were in existence as of the date of bankruptcy in the possession of the debtors.* This court agrees with the contentions of counsel for the plaintiff that the issue has been tried and determined....
> The court's judgment of April 15, 1985, accordingly reaches the $3,842.79 and it must accordingly promptly be turned over to plaintiff....

**962**

However, rather than stopping with this clear mandate, the court confused the issue by ordering that the debtors pay according to their ability:

(3) *Should sanctions be imposed for delay in responding to reclamation order?* At the hearing of June 20, 1985, it was admitted that the order had been complied with in all respects except the $3,842.79 mentioned above and that the debtors may have had some bona fide doubt respecting their duty in that regard. But plaintiff states that full compliance otherwise was achieved only after the filing of his motion for sanctions. This fact is not denied. Counsel accordingly requests sanctions of $112.50 (1½ hours of legal work at $75.00 per hour). The court declines to award these sanctions so long as the debtors answer to the order to pay over the $3,842.79 *according to their ability to pay* [emphasis added].

Accordingly, for the foregoing reasons, it is hereby

ORDERED that these debtors turn over the sum of $3,842.79 to plaintiff forthwith and with reasonable dispatch *according to their current ability to pay* [emphasis added]; that the defendant's counterclaim for mileage and attorney's fees be denied; and that the plaintiff's motion for sanctions be denied.

Decree at pp. 3–4 [emphasis in original except as noted].

Appellant Nellie Richardson bases her argument here on the bankruptcy court's June 21, 1985, order requiring repayment "according to the debtor's ability to pay." Because as she testified at the June 20, 1985, hearing the actual proceeds of the November 1984 sale of 19 calves had been spent for living expenses and as she testified she was *unable* to pay any of the $3,842.79 ordered, she believed that she had no obligation under the bankruptcy court's June 21, 1985, order. Therefore, she argues that a denial of discharge is unwarranted in that she did not disobey a court order. The record contains insufficient findings for me to assess the merits of appellant's argument. In order to address the merits of this appeal, further findings by the bankruptcy court are necessary.

Accordingly, it is hereby ORDERED that this case is remanded to the bankruptcy court with directions to make findings of fact as to:

1) whether the debtors or either of them reasonably believed that their interpretation of the bankruptcy court's June 21, 1985, order was correct; and

2) whether the debtors were in fact insolvent or otherwise unable to repay any portion of the $3,842.79 on or after June 21, 1985.