In the Matter of OZARK RESTAURANT EQUIPMENT CO., INC., Debtor.

Jill JACOWAY, Trustee, Plaintiff,

v.

Bruce ANDERSON, Elmer Dale Yancey, Kenneth Eads, Robert Whiteley and Anderson Cajun's Wharf, Defendants.

Jill JACOWAY, Trustee, Plaintiff,

v.

ANDERSON CAJUN'S WHARF, Defendant.

Jill JACOWAY, Trustee, Plaintiff,

v.

HAYDEN McILROY OF McILROY BANK & TRUST, Ed Yancy, Bruce Anderson and Kenneth Eads, Defendants.

Bankruptcy No. FA 82–120.
Adv. Nos. 82–882, 82–883 and 82–884.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Dec. 24, 1987.

Jill Jacoway, Fayetteville, Ark., for plaintiff.

Raymond Smith, Fayetteville, Ark., for defendants.

## MEMORANDUM OF FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING AWARD OF DAMAGES IN AP 82–882 IN THE SUM OF $30,297.49

DENNIS J. STEWART, Chief Judge.

This court formerly issued its judgment on January 15, 1987, awarding a recovery in the total sum of $33,360.17 in favor of the plaintiff trustee and against the named defendants in AP 82–882. See *Matter of Ozark Restaurant Equipment Co., Inc.,* 74 B.R. 139, 145 (Bkrtcy.W.D.Ark.1987).

On appeal, the district court, 77 B.R. 686, remanded the action to the bankruptcy court for redetermination of the amount of recovery, ruling in substance that (1) the trustee could not recover on account of transfers which took place more than a year prior to the date of bankruptcy [1] and (2), otherwise, the trustee should recover the full 30% of the amount of goods which were sold for less than that percentage of markup.[2]

After the remand, this court issued its written order directing the parties to submit their respective calculations in accordance with the district court's instructions. The parties have now done so. They agree that two elements of the recovery formerly granted to plaintiff by this court, in the respective sums of $4,583.70 and $560.60, cannot now be granted under the supervening instructions issued by the district court. This is so, as the trustee now admits, because the transfers did not take place within the year next preceding bankruptcy as Section 548 of the Bankruptcy Code requires in order for the trustee to recover under its provisions.

With respect to the percentage-of-markup on the prebankruptcy sales to Gonzales and Gertrude's, which are not explicitly shown by the evidence to have taken place within the year next preceding bankruptcy, the trustee nevertheless insists on her right to recovery, stating:

"The defendants may argue that because there was no ledger card, Trustee cannot prove that the $65,000–$75,000 charges occurred within one year. Trustee asserts, however, that once the obligation existed, the burden shifted to defendants to prove that the transfers occurred outside one year."

No authority is cited in support of this proposition, nor can it be. The authorities are clear to the effect that the trustee has the burden of demonstrating that the transfer took place within the year next preceding bankruptcy in order to recover under Section 548.[3] And the trustee has declined to proceed on the less drastic principle asseverated by this court in its prior opinion, 74 B.R. at 144, that, when there is no direct evidence of the date of the transfer, or that a transfer in fact has taken place, the trustee may recover on the alternative ground that the estate continues to own the property and the trustee is therefore consequently entitled to its turnover. It is a fundamental of modern bankruptcy law that, in order to avoid a trustee's request for turnover of property which allegedly belongs to the estate, the third party

---

1. 77 B.R. at 694.

2. 77 B.R. at 696.

3. See, e.g., *In re Nance,* 26 B.R. 105, 106 (Bkrtcy. S.D.Ohio 1982).

must exhibit some indicia of title, i.e., present an "adverse claim." "Where a ... person holds possession of the bankrupt's property, and makes no adverse claim to it, that person will be subject to summary [turnover] jurisdiction ..." 2 Collier on Bankruptcy, Paragraph 23.06, p. 506.2 (14th ed. 1976). Under this general rule, it has been held with some frequency that "a consignee of goods from the bankrupt is not an adverse claimant where he makes no claim of his own to them." *Id.*, Paragraph 23.06[3], pp. 505, 506, n. 25. "And where the property is in the possession of a third person whose claim is not adverse ..., the court may summarily order its surrender." *Id.*, Paragraph 23.07[3], p. 531. It is incumbent upon the party in possession to make a showing of an adverse claim, and, if it fails to do so (as in the case at bar), the court may order turnover under Section 542(a), which, in its current form, provides as follows:

"[A]n entity ... in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property ..."

Further, because turnover relief is proper with respect to "existing chattels or their proceeds," *Maggio v. Zeitz*, 333 U.S. 56, 63, 68 S.Ct. 401, 405, 92 L.Ed. 476 (1948), which proceeds may include every "dollar ... in cash or property which [the defendant] would not have had but for the transfer of bankrupt funds," *South Falls Corp. v. Rochelle*, 329 F.2d 611, 619 (5th Cir.1964), recovery is also possible, as a matter of turnover, as this court mentioned in its prior opinion in this case, under Section 542(b) of the Bankruptcy Code, which pertinently provides for turnover orders with respect to "a debt that is property of the estate and that is matured, payable on demand."

▮ It is ordinarily only if and when the defendants in an action brought by a trustee to recover goods of the debtor or their equivalent fair market value presents the indicia of title or other ownership proof

that the bankruptcy court may find it necessary to go on to consider whether any transfer which took place was in violation of Section 547 or 548 of the Bankruptcy Code. See, e.g., 2 Collier on Bankruptcy, Paragraph 23.07, p. 530 (14th ed. 1976). And, in this case, as is observed above, there is no direct evidence of the date of transfer, or that there was any transfer at all. The testimonial statements made by the relevant witness do not purport to be based on personal knowledge. Nor does the entry in the documentary evidence concerning date of transfer purport to have been made by or learned from a person with personal knowledge. See Rule 803(6) of the Federal Rules of Evidence. Thus, the court may properly hold with respect to the transfers allegedly—but not demonstrably—made prior to one year before bankruptcy, that the transfers were not made and the goods or their proceeds therefore remained property of the estate and that their "equivalent in value," i.e., fair market value, must be turned over to the trustee.

Further, the district court, in remanding this action to this court for further proceedings, did not consider that any issue in respect of the money owed by Gonzales and Gertrude's or other entities had been raised as to the time of any transfer. See 77 B.R. at 694, 695. And no instructions were given to this court on remand, directly, to consider this issue with respect to Gonzales and Gertrude's. Accordingly, this court is bound by the "law of the case" not to subtract anything on account of the Gonzales and Gertrude's transaction. Alternatively, however, the above and foregoing analysis is presented.

The district court's precise instructions were to give reconsideration to "items two and four of the court's calculations on which recovery was based," 77 B.R. at 696, and to recalculate the markup, "to give the trustee 23% of $75,206.45 or $17,297.49." *Id.*

▮ In respect of the two prepetition transfers denominated (2) and (4), the court must, despite the general analysis of recov-

erability under Section 542 above presented, accept the trustee's characterization of them as unrecoverable. And, as observed above, this court is straitly charged to award the trustee the sum of $17,297.49 on the first element of recovery. Therefore, using the same chart for elements of recovery as is set out in this court's prior opinion, 74 B.R. at 145, a new judgment must be entered on even date herewith, granting recovery to the trustee as follows:

(1) 23% of $75,206.46 ........... $17,297.49
(2) 0
(3) 20% of $65,000 ............... 13,000.00
(4) 0

     Total   $30,297.49