In the Matter of OZARK RESTAURANT EQUIPMENT CO., INC., Debtor.

Jill R. JACOWAY, trustee, Plaintiff

v.

Bruce ANDERSON, Elmer Dale Yancey, Kenneth Eads, Robert Whiteley, and Anderson Cajun's Wharf, Defendants.

Jill R. JACOWAY, trustee, Plaintiff

v.

ANDERSON CAJUN'S WHARF, Defendant.

Jill R. JACOWAY, trustee, Plaintiff

v.

Hayden McILROY of McIlroy Bank and Trust, Ed Yancey, Bruce Anderson, Kenneth Eads, Defendants.

Bankruptcy No. FA82–120.
Adv. Nos. 82–882 to 82–884.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Dec. 29, 1988.

Jill R. Jacoway, Jacoway Law Firm, Ltd., Fayetteville, Ark., for plaintiff.

Raymond C. Smith, P.A., Fayetteville, Ark., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT THAT PLAINTIFF HAVE AND RECOVER FROM THE DEFENDANTS IN ADVERSARY PROCEEDING NO. 82–882 THE SUM OF $16,276.84

DENNIS J. STEWART, Chief Judge.

These are adversary proceedings brought by the plaintiff trustee in bankruptcy several years ago for the purpose of recovering certain monies from the defendants as prohibited transfers. A judgment was formerly rendered by former Bankruptcy Judge Charles W. Baker on May 18, 1984, 41 B.R. 476. That judgment was issued with respect to three adversary actions, and may be described as follows:

(1) With respect to Adversary Proceeding 82–884, Judge Baker held that certain transfers were preferential and awarded judgment in favor of the trustee and against McIlroy Bank in the sum of $24,035 (who, in turn, was held entitled to recover the same sum on the basis of a guarantee from the defendants Anderson and Yancey).

(2) In Adversary Proceeding No. 82–882, Judge Baker concluded that "the defendants abused the corporate entity of Ozark Restaurant Equipment Co., Inc., to such an extent that they should be held liable for the debts of the debtor herein ... jointly and severally in the sum of $126,908.18."

(3) In Adversary Proceeding No. 82–883, Judge Baker entered judgment against Anderson Cajun's Wharf, the apparent alter ego of Port City Equipment Co., for some $20,208.39 in value of goods shipped to the latter entity in July 1982 on the basis that it constituted a preferential trans-

fer within the meaning of section 547 of the Bankruptcy Code.

Judge Baker's decision was appealed to the district court. On May 22, 1986, in *In re Ozark Restaurant Equipment Co., Inc.*, 61 B.R. 750 (Bkrtcy.W.D.Ark.1986), the district court affirmed the judgments in Adversary Proceedings Nos. 82–883 and 82–884, but reversed the judgment in Adversary Proceeding No. 82–882, stating that:

"a chapter VII trustee liquidating a corporation has no standing on his own to bring an *alter ego* action. He does have power, of course, to avoid preferences and fraudulent transfers."

61 B.R. at 757. The duty assigned to this court on remand was to determine whether the " 'low mark-ups' accorded Anderson and his enterprises were fraudulent transfers as they are defined in the Code, or preferences."

The trustee appealed from the district court's order of remand, but, during the appeal, this court complied with the district court's remand order, and, in *Matter of Ozark Restaurant Equipment Co., Inc.*, 74 B.R. 139 (Bkrtcy.W.D.Ark.1987), issued its judgment on January 15, 1987, in Adversary Proceeding No. 82–882 against the defendants in that action in the sum of $33,360.17. The rationale for this court's judgment was that Judge Baker had found that the appropriate rate of markup was 30% of the supplies in question; that the district court had affirmed this holding; that the defendants had been charged only 7% mark-up on the supplies which the debtor had transmitted to them within the year next preceding bankruptcy; and that, therefore, the defendants were to pay, with respect to those supplies, the 23% which constituted the difference between the 30% and 7% previously found by the district court to be the correct figures. Additionally, with respect to certain supplies which had been shipped on which there had been

10% markup, the 20% difference was to be paid as a matter of setting aside the fraudulent transfers. Other amounts were to be paid which the trustee alleged had been the subject of transfers as to which there had been no markup. It was respecting these other amounts that, on appeal to the district court, that court again remanded to this court to determine whether those transfers had taken place within a year of bankruptcy. Otherwise, the district court found that this court was in error for only according a 23% markup or a 20% markup rather than the full 30% markup as the measure of damages. See *In re Ozark Restaurant Equipment Co., Inc.*, 77 B.R. 686, 696 (W.D.Ark.1987), to the following effect:

"Further, the court believes that there is an error in calculation on Item one. 74 B.R. at 145. The trustee sought recovery of the additional 23% markup on the sales totaling $75,206.46. The court allowed 23% on $70,286.41, which represents the total sales, $75,206.46 less the 7% markup already charged. This subtraction of the markup already charged skews the figures and results in the trustee receiving less than the full 30% markup which the bankruptcy court held was necessary to constitute reasonably equivalent value. The recovery should be calculated to give the trustee 23% of $75,206.45 or $17,297.49. This calculation should be corrected on remand. The case is therefore remanded for further proceedings consistent with this opinion."

These considerations appeared to this court further to buttress the finding that the appropriate rate of markup to be considered was 30%.[1] Therefore, on remand, this court issued its judgment on December

---

1. Curiously, the court of appeals attributed the error in determining that 30% was the appropriate rate of markup to the bankruptcy court. But it was the district court's finding in this regard which this court has followed. Further, if, under the court of appeals' determination that "reasonably equivalent value" could not be determined wholly by evidence of the rate of markup which was necessary to the viability of the debtor but must also include sales in the open market, the only other available evidence, as observed by the court of appeals, was of sales to unrelated entities in which the markup ranged from 30% to 80%, evidence which would seem to have supported the 30% finding.

24, 1987, for 23% of $75,206.46[2] plus 20% of $65,000, the amount of the fraudulent transfers to Gonzales and Gertrude's, which had not been challenged on the appeal. The trustee admitted that certain transfers were not made within the year next preceding recovery, with the result that all other elements of recovery dropped out. *Matter of Ozark Restaurant Equipment Co., Inc.*, 83 B.R. 591, 594 (Bkrtcy.W.D.Ark.1987). Again, the judgment was appealed to the United States Court of Appeals for the Eighth Circuit. In *In re Ozark Restaurant Equipment Co., Inc.*, 850 F.2d 342, 344 (8th Cir.1988), then, the court of appeals concluded as follows:

"For the above reasons we believe the district court erred in finding that all transfers with less than a thirty percent markup were for less than reasonably equivalent (value), and that finding is clearly erroneous. The record supports, at best, a twenty percent markup and we remand for *recomputation. In all other respects; the order of the district court is affirmed.*" (Emphasis added.)

Pursuant to that order of remand, the district court, on July 21, 1988, issued its own "order of remand," in which it found as follows:

"(T)he court finds that the trustee is entitled to recover an additional 13% mark up rather than the 23% allowed in the court's August 25, 1987, opinion. The recovery should be calculated to give the trustee 13% of $75,206.45 or $9,776.84, thus providing the trustee with a total mark up of 20%. This calculation should be corrected on remand. The case is therefore remanded for further proceedings consistent with this order."

Consequent to the remand from the district court, this court, at the request of counsel for the parties, held its hearing on September 30, 1988, in Kansas City, Missouri, to permit the parties to present their respective views on the elements of recovery so as to aid the bankruptcy court in the "recomputation" commanded by the court of appeals. At that hearing, the plaintiff

trustee in bankruptcy presented for the court's consideration the following proposed computation:

"Recovery is comprised of five elements:
1. Reasonably equivalent value on sales of $75,206.45.
   Judge Waters' Order on Remand filed 7-1-88 clearly gives guidance: 13% of $75,206.45................................. $ 9,776.84
2. Reasonably equivalent value on sales to Gonzales & Gertrudes on sales of $65,000.
   This Court had previously determined that a 30% markup was due to the estate and that only a 10% markup had been charged by the debtor prior to the filing. Based upon the 8th Circuit's opinion, the markup should have been only 20% instead of the 30% awarded by this Court. This Court as trier of fact had previously determined that the sales to Gonzales & Gertrude's were $65,000.00 and that a 10% markup had previously already been charged. Hence, the markup to which the estate is now entitled is the difference between what the 8th Circuit has decreed (20%) and what the Debtor had previously charged (10%). Therefore, the estate is now entitled to the missing 10% on $65,000.00 ..... $ 6,500.00
3. Interest since date of this Court's order dated January 23, 1987, on $6500.00 plus $9,776.84 equals $16,276.84 at 6%..........................$ 976.59
4. The preferential transfer of .......... $24,035.82
5. Interest on the preferential transfer since Judge Baker's May 18, 1984 order at 6%........................... $ 6,300.25

"Summary:
1. 13% on $75,206.45.....$ 9,776.84
2. 10% on $65,000.00.......6,500.00
3. Interest at 6% on two above since 1-23-87 ..... 976.59
4. Preferential transfer ...24,035.82
5. Interest on preference since 5-18-84 ......6,300.25

Total ..............47,589.50."

Counsel for the defendants objects to this computation on the grounds that (1) the district court "order of remand" is in error in awarding $9,776.84, the figure calculated on the basis of the court of appeals' ruling that "the record before us supports only a twenty percent markup," because only a 7–10% markup is justified by actual review of the invoices and (2) the interest figures which are contained in the proposed computation are not lawful.

■ With respect to the first objection raised by counsel for the defendants, this court can only honor the findings previous-

2. With due respect, it appears that this court may have been correct in determining that the appropriate figure to be recovered was 23% of the cost figure, $70,286.41. "Markup" is ordi-narily defined to be "(t)he amount added to the *cost price* in figuring a selling price to cover overhead and profit." Webster's New International Dictionary, 2d ed., 1954, p. 1505.

ly made by the court of appeals and the district court. Both clearly state that a 20% markup is supported by the record and this court cannot now undertake to make different findings of fact and conclusions of law. This is so even if it is true, as counsel for the defendants contends, the court of appeals order—by using words indicating that the record supports a 20% markup "at best"—only intended to fix an outer limit and remanded the case for reconsideration of the appropriate percentage of markup within the 20% limit. For this court agrees with the district court that the court of appeals intended for its ultimate conclusion that a 20% markup was supported by the record to control the recomputation in this case. That court issued its remand for the sole purpose of "recomputation," not for the purpose of new and supplemental findings.

Further, even if it were true that the district court's finding is erroneous, it is one on an ultimate issue, i.e., on an "ultimate fact" which is regarded as the equivalent of a conclusion of law which establishes the law of this case.[3] Accordingly, this court may not question it on remand. "(A)fter the law of the case is determined by a superior court, the inferior court lacks

authority to depart from it, and any change must be made by the superior court that established it, or by a court which it, in turn, owes obedience." 1B Moore's Federal Practice para. 0.404(1), p. 118 (2d ed. 1984); *Matter of Dowell*, 82 B.R. 998, 1009 (Bkrtcy.W.D.Mo.1988). Therefore, this court rejects the contention of counsel for defendants in this regard and adopts the finding of $9,776.84 as the appropriate award on the basis of a 20% markup.

■ The second contention of the defendants is that the interest figures which are included by the plaintiff trustee in her foregoing analysis of the elements of recovery are improper to be included at this stage of the proceedings. With this contention, this court is in agreement. The plaintiff trustee requests that this court now enter new judgments in the place of the judgments which were formerly affirmed and superadd to those judgments the interest which has accrued on them since the date of the entry of those judgments. There can be little question of the plaintiff trustee's entitlement to interest on those judgments from the time of their rendition. See section 1961, Title 28, United States Code, to the following effect:

---

**3.** See, e.g., *Matter of Hammons,* 614 F.2d 399, 403 (5th Cir.1980) ("The bankruptcy judge's 'new and different business' determination was a conclusion as to the legal significance of evidentiary facts. As such, it was subject to review free of the clearly erroneous rule."); *In re Richardson,* 78 B.R. 960, 961 (W.D.Mo.1987) ("The district court must independently determine questions of law or *mixed questions of law or fact."* (Emphasis added.)). This principle is not universally followed. "Even when a district judge finds an 'ultimate fact,' a court of appeals is in error when it makes its own finding, for the 'clearly erroneous' standard under Rule 52(a) applies to all findings, including findings of ultimate facts." 5 K. Davis Administrative Law Treatise para. 29:5, p. 352 (2d ed. 1984); *Matter of Dowell,* 82 B.R. 998, 1004, n. 7 (Bkrtcy.W.D.Mo.1987). In prior rulings, it appeared that our court of appeals recognized the validity of the latter principle, for it has consistently held that a district court may not make findings of fact in employing the "clearly erroneous" standard on review of a bankruptcy court decision. See *Wegner v. Grunewaldt,* 821 F.2d 1317, 1322 (8th Cir.1987), in which the bankruptcy court failed to make a finding which was "outcome determinative," and the

district court, on review, purported to make its own finding to supply the defect. In that case, the court of appeals stated as follows:

"The district court ... filled the void by making its own finding that Wegner's consent was conditional. We do not believe that this is an issue that could have been determined as a matter of law. It is a factual question that should have been decided by the bankruptcy court, and the district court exceeded its authority in resolving the issue. Because this factual question is outcome determinative, we must remand this action to the bankruptcy court with instructions to conduct whatever proceedings are appropriate to make a factual finding on this issue and enter judgment accordingly."

See also *Matter of Walker,* 726 F.2d 452, 454 (8th Cir.1984) (The criticial question was held to be "one of fact to be decided in the first instance by the bankruptcy court.") But this court is certain that, in the case at bar, the court of appeals regards its finding that the 20% markup is justified by the record to be a conclusion of law which establishes the law of the case and that the district court similarly regards its finding that the correct award with respect to the principal set of sales to related entities to be $9,776.84.

"Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment at the rate allowed by State law."

But this result, under ordinary legal principles, follows even though the judgment itself may not contain any express provision for postjudgment interest. "The judgment bears interest by reason of the statute and it is not necessary that it or the mandate recite that fact." *Laughlin v. Boatmen's Nat. Bank of St. Louis*, 354 Mo. 467, 189 S.W.2d 974, 980 (1945). Now to enter a judgment so as to incorporate into it the interest which has accrued in the meantime would mean to compound the interest meantime accrued so that further interest is paid on it. "Compound interest is interest upon interest ... The carrying of accrued interest over as part of the new principal results in compound interest." *Vaughn v. Graham*, 234 Mo.App. 781, 121 S.W.2d 222, 226, 227 (1938). And section 1961, *supra*, in providing that interest shall be calculated only to run from the "date of the entry of the judgment," appears to prohibit such compounding of interest.

For, in order effectively to compound the interest, a second judgment would now have to be entered. "(B)ut only one final judgment shall be given in the action." *Laughlin v. Boatmen's Nat. Bank of St. Louis, supra*, 189 S.W.2d at 980. The time is now long since past when the federal bankruptcy court may vacate the judgment for the purpose of re-entering it. Otherwise, it is only for a "compelling reason" that the court may "reenter an order preserving a party's right of appeal," *Kramer v. American Postal Workers Union, AFL–CIO*, 556 F.2d 929, 930 (9th Cir.1977), and no such "compelling reason" has been stated or shown.[4] And, even so, "plaintiff is entitled to interest under section 1961 from the date of verdict to date of payment,

even where judgment is not entered 'forthwith' as required by Rule 58." *Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 757, n. 5 (9th Cir.1983). This court accordingly declines to re-enter the former judgments so as to add interest to them.

▮ The trustee has further, by implication, requested that the court make awards of prejudgment interest on the former judgment which constituted the recovery of a preferential transfer. It is true that, ordinarily, with respect to preference actions, prejudgment interest is awardable from the date of the filing of the complaint for recovery thereof. "It is well settled that interest upon a voidable preference recovered by a trustee in bankruptcy should be computed from the date of demand for its return or, in the absence of a demand, from the date of the commencement of the suit for its recovery." *Palmer v. Radio Corporation of America*, 453 F.2d 1133, 1140 (5th Cir.1971), and cases there cited; *In re Fulghum Const. Corp.*, 78 B.R. 146, 153 (M.D.Tenn.1987). The same rule is usually followed in fraudulent conveyance actions. See *In re Universal Clearing House Co.*, 60 B.R. 985, 1002 (D.Utah 1986). But such awards are made as part of the substantive damage award and therefore are to be a subject of pleading and proof and included expressly in the judgment. Once the judgment is final, the court may not reopen it for the purpose of making an award of prejudgment interest.[5] This principle applies, not only to the former judgment sounding in preference, but also to the action now at bar, which the appellate courts have remanded with instructions only to recalculate the former award and not for the purpose of making findings of fact and conclusions of law and rendering a new judgment on new elements of the plaintiff's case. In observance of the principle, therefore, that lower courts must strictly obey the superior court's in-

---

4. In fact, this court is somewhat surprised that it should be suggested that a new judgment now be entered, for the aggrieved party would then have an opportunity again to appeal it. It is doubtful under such circumstances that any compelling reason can ever be shown for reen-

try of a judgment as to which there has already been an unsuccessful appeal.

5. Cf. *Matter of National Marine Sales and Leasing, Inc.*, 79 B.R. 442, 459 (Bkrtcy.W.D.Mo. 1987).

structions on remand, this court declines to superadd prejudgment interest either to the prior judgment or to this one now being entered. "It is the limited office of this court not to go beyond the district court's instructions on remand." *Matter of Richardson,* 85 B.R. 1008, 1016, n. 18 (Bkrtcy. W.D.Mo.1988). And, "(a) remand for additional evidence should be sparingly exercised. A court is reluctant to permit litigants to try their cases by piecemeal and continue protracted litigation concerning facts that could have been established at the original trial." 5 Am.Jur.2d *Appeal and Error* section 972, p. 400 (2d ed. 1962). Accordingly, the appellate courts did not remand for findings and a judgment on this issue and none therefore will be made. And, from the principles which have been above stated, it is plain that the court has no authority to enter a second judgment on the former preference action which has now been final for over two years. The court will accordingly confine itself to determining that the appropriate amount of the award in Adversary Proceeding No. 82–882 is $16,276.84. It is therefore, accordingly,

ORDERED, ADJUDGED AND DECREED that the plaintiff trustee in bankruptcy have and recover, in Adversary Proceeding No. 82–882, the sum of $16,276.84 from the defendants therein named, jointly and severally.