**Robin D. DECKER, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 91–3340.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1992.

Decided Sept. 29, 1992.

Anthony W. Bartels, Jonesboro, Ark., argued, for plaintiff-appellant.

Joyce Shatteen, Dallas, Tex., argued (Charles A. Banks, Gayla Fuller and Joyce Shatteen, Dallas, Tex., on the brief), for defendant-appellee.

Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

After a decade of litigation, the Secretary of Health and Human Services awarded Robin Decker Social Security disability insurance benefits for injuries suffered in a head-on automobile collision. The district court awarded Decker attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), but reduced the award by $1,675 on the ground that Decker's counsel spent 16.75 of the submitted hours working on a duplicative administrative claim. Decker appeals the fee award. Although we agree with the district court's reasoning, we find plain error in the factual basis for the reduction. Therefore, we reinstate the initial fee award.

In June 1983, Decker filed a claim for benefits, alleging disability from the March 1981 car accident. The claim was denied through all administrative levels, but the district court remanded the case for a new orthopedic exam. After a supplemental hearing, Decker's claim was again denied and the district court again remanded, this time for vocational expert testimony. Following a second supplemental hearing, the Secretary denied Decker's claim for a third time. On August 4, 1988, the district court issued a third remand, instructing the Secretary to consider additional medical evidence at a further administrative hearing.

In late 1989, having heard nothing further from the Secretary, Decker filed a duplicate application for benefits. This application proceeded to an administrative hearing in October 1990. That same month, Decker filed a Motion for Court to Instruct Secretary to Act, asking that the district court renew or reiterate its third remand order. In response to this motion, the Secretary advised the district court that its third remand order had been misplaced, and that, to comply with the remand order, he had issued an order consolidating the remanded 1983 case with the new 1989

application then pending before an administrative law judge. Decker advised the court that this action was satisfactory so that no ruling on his motion would be necessary.

On February 21, 1991, the ALJ decided the consolidated cases, without a further hearing, by awarding benefits to Decker on his 1983 application. Decker then petitioned the court for attorney's fees under EAJA, seeking an award for time spent on the judicial review proceedings and the administrative proceedings on remand. In response, the Secretary objected to 16.75 hours claimed for "Administrative Work on New Application," arguing that Decker may not be compensated for time spent on an application that was never before the court. Decker replied that he "does not expect compensation for these hours."

The district court awarded Decker $9,975 in fees, calculated by multiplying 99.75 hours by $100 per hour. The Secretary then filed a Motion To Alter Order. While conceding that Decker was entitled to fees for services "after this case was remanded by the court," the Secretary argued that the court had improperly awarded fees for the 16.75 hours recorded for work on the new application because Decker had conceded these hours were not compensable under EAJA. Decker opposed that motion. Without questioning the factual premise for the Secretary's motion, Decker argued that, "upon further consideration, plaintiff believes the Court properly included these hours ... as the filing of a new application was an important part of pursuing the plaintiff's claim and the new application was ancillary to the application which was before the Court." The district court granted the Secretary's motion to reduce the award, explaining that its initial order "improperly included 16.75 hours spent on [the] subsequent application." This appeal followed.

The only issue argued on appeal is whether Decker deserves an EAJA fee award for time that his counsel's records reflect as "Administrative Work on New Application." In *Sullivan v. Hudson*, 490 U.S. 877, 888, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989), the Supreme Court held that attorney's fees may be awarded for services provided during administrative remand proceedings "where administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees." Thus, we must consider whether counsel's work on Decker's duplicate 1989 application was "so intimately connected with the judicial proceedings [on his 1983 application] as to be considered part of the 'civil action' for purposes of the fee award." 490 U.S. at 892, 109 S.Ct. at 2257.

■ Decker argues that his December 1989 application was the catalyst for the Secretary's award of benefits on Decker's 1983 application. Decker has the burden of proving a claim for attorney fees under a "catalyst" theory. *See Hewitt v. Helms*, 482 U.S. 755, 763, 107 S.Ct. 2672, 2677, 96 L.Ed.2d 654 (1987); *Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir.1989). He has failed to meet that burden. Although action by Decker's counsel was needed to overcome what the Secretary described as the "inadvertent misrouting of the Court's 1988 remand order," the record makes it clear—indeed Decker's district court filings concede—that it was Decker's October 1990 motion in the district court that broke that bureaucratic logjam. Prior to that time, the Secretary was processing Decker's 1989 application as a separate and distinct proceeding, with no indication that this duplicate filing would ever have provoked further remand proceedings on the 1983 application.

■ Decker also argues that the Secretary's ultimate consolidation of the two application proceedings provides sufficient linkage to warrant an award of attorney's fees for services rendered in both. We disagree. The 16.75 hours in question were time spent before consolidation. Absent a specific showing that these services directly contributed to the Secretary's award of benefits on the 1983 application— and Decker made no such showing in the district court—we cannot say that the district court abused its discretion in refusing

an EAJA fee award for hours spent on Decker's duplicate 1989 application.[1]

■ Although we reject Decker's argument that he is entitled to an EAJA fee award for his counsel's "Administrative Work on New Application," that is not the end of the matter. In his initial response to Decker's motion for attorney's fees, the Secretary identified precisely what hours claimed by Decker were eligible for an EAJA award. We have recalculated those hours using the time records attached to Decker's initial fee request. They total 99.75 hours,[2] precisely the number of hours initially awarded by the district court. In other words, the Secretary's Motion To Alter Order was based upon a faulty premise—that counsel's 16.75 hours of Administrative Work on New Application were included in the court's initial award. Decker failed to point out the Secretary's mistake to the district court, and the district court relied upon this faulty premise in concluding that 16.75 hours had been "improperly included" in the initial award.

Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fees award. Therefore, we reinstate the district court's July 17, 1991, award of $9,975.

---

1. We review an EAJA fee award under the abuse of discretion standard, see *SEC v. Comserv Corp.,* 908 F.2d 1407, 1411 (8th Cir.1990), mindful that "a request for attorney's fees should not result in a second major litigation."

*Pierce v. Underwood,* 487 U.S. 552, 563, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988).

2. Counsel's time records for the time periods conceded by the Secretary reflect:

Court Work:

| | | |
|---|---|---|
| 7/26/84 – 6/20/85 | 16.00 hours | |
| 5/1/86 – 8/15/86 | 12.25 | |
| 3/10/88 – 8/9/88 | 12.00 | |
| 10/17/90 – 11/15/90 | 2.00 | |

Administrative Work After Remand:

| | | |
|---|---|---|
| 7/6/85 – 4/13/86 | 16.75 | |
| 9/2/86 – 3/5/88 | 27.50 | |
| 8/11/88 – 11/21/89 | 8.00 | |
| After 11/15/90 | 5.25 | Total: 99.75 hours |