# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1008
No. 01-2216
No. 01-2594

_____

Mark A. Schaefer,                              *
                                               *
    Plaintiff - Appellant,                     *
                                               *
v.                                             *
                                               *
Spider Staging Corporation,                    *
                                               *
    Defendant - Appellee/Cross-                *
    Appellant,                                 *
                                               *
v.                                             *
                                               *
Schaefer & Sons Roofing, Inc.,                 *   Appeals from the United States
                                               *   District Court for the
    Third Party Defendant -                    *   Eastern District of Missouri.
    Appellant/Cross-Appellee.                  *

_____

No. 01-1617

_____

Spider Staging Corporation,                    *
                                               *
    Appellee,                                  *
                                               *
v.                                             *

Schaefer & Sons Roofing, Inc.,         *

                                  *

     Appellant.                 *

_____

Submitted: September 11, 2001

Filed: January 7, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

LOKEN, Circuit Judge.

These four consolidated appeals arose out of an accident in which roofers Mark Schaefer and Wayne Rothgeb, employees of Schaefer and Sons Roofing, Inc. ("Schaefer Roofing"), were injured when a scaffolding platform rented from Spider Staging Corporation ("Spider Staging") collapsed. Rothgeb fell twenty-five feet before safety equipment stopped his fall. Schaefer fell four feet and then struck the side of the building they were re-roofing. Schaefer and Rothgeb filed separate negligence actions against Spider Staging in the Eastern District of Missouri. The cases were assigned to different District Judges. Spider Staging filed a third party claim against Schaefer Roofing in each action, seeking indemnity under a provision of the equipment rental agreement.

After trial of Mark Schaefer's case, the jury found Spider Staging seventy-five percent at fault and Schaefer twenty-five percent at fault. The jury awarded damages of $1,750,000, for a net award of $1,313,000. District Judge E. Richard Webber concluded the verdict was excessive and granted Spider Staging's motion for new trial or a remittitur, ordering a new trial unless Schaefer accepted a net award of $200,000. Schaefer refused to accept $200,000, and the case was retried. The second

jury awarded Schaefer $30,000. In Case No. 01-1008, Schaefer appeals the district court's order granting a remittitur or a new trial.

Prior to Schaefer's first trial, Judge Webber granted summary judgment on Spider Staging's indemnity claim against Schaefer Roofing. Following the second trial, Judge Webber awarded Spider Staging $315,358.62 for the costs and attorney's fees incurred by Spider Staging in defending Schaefer's action. In Case No. 01-2216, Schaefer Roofing appeals these rulings. In Case No. 01-2594, Spider Staging cross appeals the district court's refusal to grant prejudgment interest on this award.

Wayne Rothgeb settled with Spider Staging before trial. District Judge Carol E. Jackson granted summary judgment on Spider Staging's indemnity claim against Schaefer Roofing, relying on Judge Webber's earlier ruling construing the same equipment rental agreement. Judge Jackson awarded Spider Staging $185,752.34 for its loss in defending Rothgeb's claim -- $130,000 to fund the Rothgeb settlement plus $55,752.34 in costs and attorney's fees in defending the Rothgeb lawsuit. Judge Jackson allowed prejudgment interest on the total award. In Case No. 01-1617, Schaefer Roofing appeals the grant of indemnity, the amount of attorney's fees awarded, and the award of prejudgment interest.

We affirm all but the award of prejudgment interest in Case No. 01-1617.

## I. The Remittitur Issue.

Following Mark Schaefer's first trial, Judge Webber granted Spider Staging relief from the jury's $1,750,000 compensatory damage award by ordering a remittitur to $200,000 or a new trial. In reaching that decision, the court applied Missouri substantive law to determine whether the jury's award was excessive. But the court looked at all the trial evidence, consistent with federal law standards governing trial court review of a jury verdict. See Dominium Mgmt. Serv., Inc. v.

-3-

Nationwide Housing Group, 195 F.3d 358, 366 (8th Cir. 1999) ("the district court may rely on its own reading of the evidence and grant a new trial even where substantial evidence exists to support the verdict").

On appeal, Mark Schaefer argues the district court erred by failing to review the evidence in the light most favorable to the verdict holder, as Missouri law requires. He cites no direct authority for the contention that state law governs this issue. The argument is without merit. In Gasperini v. Center for Humanities, 518 U.S. 415, 426-38 (1996), the Supreme Court confirmed that state law substantive standards that do not conflict with the commands of the Seventh Amendment must be followed in reviewing jury verdicts in diversity cases. But the decision whether to grant a remittitur -- unlike the legal standard to be applied in making that decision -- "is a procedural matter governed by federal, rather than state, law." Parsons v. First Investors Corp., 122 F.3d 525, 528 (8th Cir. 1997) (quotation omitted). As the Supreme Court explained in the context of a punitive damages award:

> In a diversity action . . . the propriety of an award of punitive damages for the conduct in question, and the factors the jury may consider in determining their amount, are questions of state law. Federal law, however, will control on those issues involving the proper review of the jury award by a federal district court . . . . [T]he role of the District Court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered.

Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 278-79 (1989). Thus, in this case, Judge Webber applied the correct substantive and procedural standards in determining that a remittitur was required. His order of March 23, 2000, granting Spider Staging a remittitur or new trial is affirmed.

-4-

## II. Indemnity Issues.

The equipment rental agreement between Spider Staging and Schaefer Roofing included an indemnity provision in which Schaefer Roofing agreed to indemnify Spider Staging, even for Spider Staging's own negligence.

> *[Schaefer Roofing] agrees to indemnify [Spider Staging]* and to hold [Spider Staging] harmless *from any and all claims*, actions, suits, proceedings, costs, expenses, damages and liabilities, including costs of suits and attorney's fees, *asserted by any person . . . arising out of, or connected with the use*, erection, maintenance and possession *of equipment by [Schaefer Roofing]*, including, without limitation, improper use or lack of use of proper safety equipment, and also *including any acts of negligence by [Spider Staging] in connection with the equipment, and for any defects in said equipment for which [Spider Staging] might otherwise be liable* which may be claimed to have caused, contributed to, or be a concurrent cause of any claimed injury or damage. *This indemnification includes the claims of any employees of [Schaefer Roofing] . . . .*

(Emphasis added.) In Mark Schaefer's lawsuit, Judge Webber granted summary judgment in favor of Spider Staging on its indemnity claim against Schaefer Roofing, applying the proper standards for the grant of summary judgment and concluding that (i) the indemnity provision is enforceable because the agreement to indemnify Spider Staging for its own negligence was "clear and unequivocal," as Missouri law requires, see Kansas City Power & Light Co. v. Federal Construction Corp., 351 S.W.2d 741, 745 (Mo. 1961); (ii) the provision clearly applies to Schaefer's claim; and (iii) the rental equipment agreement was not signed by Mark Schaefer on behalf of Schaefer Roofing under duress or undue influence. Schaefer Roofing appeals those rulings. After careful review of the record, we reject Schaefer Roofing's contentions for the reasons stated in Judge Webber's thorough Memorandum and Order dated October 7, 1999. See 8th Cir. Rule 47B; United States Fid. & Guar. Co. v. Housing Auth. of

the City of Poplar Bluff, 114 F.3d 693, 695-98 (8th Cir. 1997) (affirming summary judgment enforcing an indemnity agreement).

In Wayne Rothgeb's lawsuit, Schaefer Roofing appeals Judge Jackson's grant of summary judgment in favor of Spider Staging on its indemnity claim, based upon Judge Webber's earlier decision. In the two cases, Spider Staging seeks indemnity under the same equipment rental agreement for two personal injury claims arising out of the same accident. We have now affirmed Judge Webber's grant of summary judgment on Spider Staging's indemnity claim in the Mark Schaefer case. Judge Jackson's parallel ruling is likewise affirmed.

### III. Attorney's Fee Issues.

The indemnity provision in the equipment rental agreement entitled Spider Staging to recover its "costs of suits and attorney's fees." In Mark Schaefer's lawsuit, Judge Webber awarded Spider Staging $315,358.62 in costs and fees. In Wayne Rothgeb's lawsuit, Judge Jackson awarded $185,752.34, including $55,752.34 in costs and attorney's fees.

**1. Reasonableness.** Schaefer Roofing appeals both awards, arguing the amounts awarded were unreasonable. See Missouri ex rel Chase Resorts, Inc. v. Campbell, 913 S.W.2d 832, 835 (Mo. App. 1996) ("reasonableness is an implied term in every contract for attorney's fees"). Though acknowledging that we review attorney's fee awards for abuse of discretion, Schaefer Roofing urges us "to scrutinize the services rendered . . . and make a finding based upon a reasonable valuation of the services." We decline to do so. In each case, Spider Staging submitted detailed billing records to the district court. Judge Webber and Judge Jackson carefully considered those submissions under the standards prescribed for determining the reasonable value of legal services under Missouri law. See Manfield v. Auditorium Bar & Grill, Inc., 965 S.W.2d 262, 268 (Mo. App. 1998). Schaefer Roofing made no

specific challenge to those records except an unsupported assertion that the hourly billing rates were excessive. Lacking any detailed challenge, the District Judges did not abuse their discretion in accepting Spider Staging's submissions as reasonable for the reimbursement of Spider Staging's costs of suit and attorney's fees in each case.

**2. Prejudgment Interest.** Under Missouri law, prejudgment interest is awarded "for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand is made . . . ." MO. REV. STAT. § 408.020. In the Mark Schaefer case, Judge Webber awarded prejudgment interest from November 22, 2000, when Spider Staging first filed a claim for attorney's fees in the lawsuit. In the Wayne Rothgeb case, Judge Jackson awarded pre-judgment interest from March 20, 1995, the date Spider Staging first demanded that Schaefer Roofing defend the lawsuit under the indemnity agreement.

On appeal, Spider Staging argues that Judge Webber erred in refusing to order prejudgment interest from March 20, 1995. This contention is without merit. Spider Staging is correct that Missouri law allows prejudgment interest "on unliquidated claims for the reasonable value of services rendered," including legal services. Farmland Indus., Inc. v. Frazier-Parrott Commodities, 111 F.3d 588, 592 (8th Cir. 1997). But the purpose of that rule is to compensate the claimant for the loss of the use of money:

> If the defendant is liable for the reasonable value of services he is under a legal duty to liquidate the sum due *and interest should be allowed from the time when he should have paid.*

Laughlin v. Boatmen's Nat'l Bank of St. Louis, 189 S.W.2d 974, 979 (Mo. 1945) (emphasis added). Here, although Spider Staging demanded that Schaefer Roofing defend the Mark Schaefer lawsuit in March 1995, Spider Staging did not incur the indemnified costs and attorney's fees until much later. Moreover, so far as the record

before us reveals, Spider Staging made no demand for the reimbursement of its costs and attorney's fee *as these expenses were incurred*. Thus, Judge Webber was well within his discretion in limiting the award of prejudgment interest to the date Spider Staging first filed its demand for reimbursement in the lawsuit. Accord Monsanto Co. v. Gould Electronics, Inc., 965 S.W.2d 314, 318 (Mo. App. 1998) (prejudgment interest limited to date claimant first submitted legal bills for reimbursement).

In the Rothgeb appeal, Schaefer Roofing argues that Judge Jackson erred in awarding prejudgment interest on the entire judgment ($185,752.34) from March 20, 1995. Spider Staging correctly notes that Schaefer Roofing failed to preserve this issue by objecting to the request for prejudgment interest in the district court. But we may still review for plain error, that is, one that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736 (1993). Judge Jackson did not discuss the prejudgment interest issue. Spider Staging's damages consisted of the amount paid to settle Rothgeb's claim ($130,000), which was not incurred until some time after the May 2000 settlement, and Spider Staging's costs and attorney's fees in defending the Rothgeb lawsuit ($55,752.34), which were incurred after March 20, 1995, and for which no demand was apparently made until Spider Staging filed its demand for reimbursement in the district court. In these circumstances, we conclude it was plain error to award prejudgment interest that goes well beyond the compensatory purpose underlying MO. REV. STAT. § 408.020. Cf. Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) (though issue not properly raised, "fairness to the parties requires an accurately calculated attorney's fees award").

## IV. Conclusion

The judgment of the district court in the Mark Schaefer lawsuit (E.D. Mo. Case No. 4:98CV01389 ERW) is affirmed. The judgment of the district court in the Wayne Rothgeb lawsuit (E.D. Mo. Case No. 4:98CV1833 CEJ) is vacated, and the

case is remanded for further consideration of the prejudgment interest issue; in all other respects, the judgment is affirmed.

Finally, the record on appeal reflects that, on May 16, 2000, Mark Schaefer and Schaefer Roofing's liability insurer entered into a settlement agreement in which the insurer agreed to pay Mark Schaefer $370,000. Mark Schaefer was an owner of Schaefer Roofing, and Spider Staging has alleged, though not in the context of these appeals, that this settlement rendered Schaefer Roofing insolvent and was therefore a fraudulent transfer of its assets to avoid liability to Spider Staging under its indemnity judgment. Nothing in our decision should be construed as a determination of this issue. Any dispute between Spider Staging, Mark Schaefer, and Schaefer's attorney regarding which creditor had the prior or superior right to Schaefer Roofing's insurance proceeds must be decided in a proceeding other than these diversity cases.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.